UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EMMA FERNANDEZ | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 5:17-cv-00768 |
| | § | |
| ROBERT ROSS, M.D., ABEL MIRANDA, | § | |
| P.A., HUMANA, INC., HUMANA HEALTH | § | |
| PLAN OF TEXAS, INC., AND HUMANA | § | |
| GOLD PLUS, | § | |
| *Defendants.* | § | |

## HUMANA DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

Defendants, Humana Inc., Humana Health Plan of Texas, Inc., and Humana Gold Plus[1] (collectively "Humana Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1), 1446 and FED. R. CIV. P. 81(c) and hereby remove the lawsuit styled, *Emma Fernandez v. Robert Ross, M.D., Abel Miranda, P.A., South Alamo Medical Group, Humana Inc., Humana Health Plan of Texas, Inc., and Humana Gold Plus*, Case No. 2017-CI-11989, filed in the 166th Judicial District, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## BACKGROUND

### 1. Procedural History

1.    This case was originally filed on June 29, 2017, in the 166th Judicial District Court, Bexar County, Texas, styled Case No. 2017-CI-11989, *Emma Fernandez, Plaintiff v. Robert Ross, M.D., Abel Miranda, P.A., South Alamo Medical Group, Humana Inc., Humana Health Plan of Texas, Inc. and Humana Gold Plus, Defendants.*

---

[1] Humana Gold Plus is not a legal entity and does not have capacity to be sued. The Humana Defendants have specifically denied that Humana Gold Plus has capacity to be sued in its First Amended Answer.

2.      Pursuant to 28 U.S.C. §1446(a), the following documents are attached as Exhibits to the Humana Defendants' Appendix in Support of Removal ("Appendix"):

> **Exhibit A** – Index of matters being filed;
>
> **Exhibit B** – Copy of all executed process in the state court case;
>
> **Exhibit C** – All pleadings from the state court case; and
>
> **Exhibit D** – Docket Sheet from the state court case.

3.      In addition, the Appendix includes reference to the following documents in support of the Humana Defendants' Notice of Removal referenced and incorporated herein:

> **Exhibit E-1**  Plaintiff's 2015 Humana Gold Plus Medicare Advantage Evidence of Coverage.
>
> **Exhibit E-2**  Plaintiff's 2016 Humana Gold Plus Medicare Advantage Evidence of Coverage.
>
> **Exhibit F**    HHP Texas' 2015 CMS Contract.
>
> **Exhibit G**    HHP Texas' 2016 CMS Contract.

4.      The Humana Defendants were served with citation on July 13, 2017 and filed an answer in the state court case on August 4, 2017. (Exhibits B and C-3). Thus, the thirty (30) day period within which the Humana Defendants are required to file a Notice of Removal has not expired; in addition, less than one (1) year has passed since the commencement of this action. Accordingly, this case is removable to this district and division. *See* 28 U.S.C. § 1442(a).

5.      Pursuant to 28 U.S.C. 1446(d) and contemporaneously with the filing of this Notice of Removal, the Humana Defendants have caused written notice to be served upon all other parties, and have filed a Notice, attached hereto as Exhibit "C-5", together with a copy of this Notice of Removal with the Clerk of the 166th Judicial District Court,

Bexar County, Texas.

### *2. Basis of Action*

6.      Plaintiff filed suit in state court against the Humana Defendants alleging violations of the Health Care Liability Act codified in Chapter 88 of the Texas Civil Practice and Remedies Code ("HCLA") and also for alleged breaches of state common law negligence claims. Though vaguely alleged, Plaintiff seeks recovery under the HCLA and the common law from the Humana Defendants for their alleged failure to ensure that Plaintiff had timely access to the medical care she needed to diagnose and treat her colorectal cancer. The Humana Defendants deny Plaintiff's allegations and deny that they are liable to Plaintiff.

7.      Plaintiff also alleges medical malpractice claims against Defendants, Robert Ross, M.D., Abel Miranda, P.A., South Alamo Medical Group ("Physician Defendants") under the Texas Medical Liability Act codified in Chapter 74 of the Texas Civil Practice and Remedies Code. Plaintiff alleges that the Physician Defendants negligently failed to timely diagnose and treat her colorectal cancer. The Physician Defendants deny Plaintiff's allegations and further deny that they are liable to Plaintiff.

8.      Plaintiff admits she was enrolled in a Humana Gold Plus Medicare Advantage health plan ("MA Plan") during the time period applicable to her claims in this case. Copies of the relevant MA Plans are attached as Exhibits E-1 and E-2 to this Notice. Defendant, Humana Health Plan of Texas, Inc. ("HHP Texas") is a Medicare Advantage organization that issued and administered the MA Plan in which Plaintiff was enrolled. With respect to Plaintiff's claims alleged against the Humana Defendants in this case, HHP Texas, as a Medicare Advantage organization, was acting under the delegation of authority and direction of the U.S. Department of Health & Human Services ("HHS") and

Centers for Medicare & Medicaid Services ("CMS"). A copy of HHP Texas' CMS Contract is attached to this Notice as Exhibit F.

9.      Thus, HHP Texas, as a Medicare Advantage organization charged with providing eligible Medicare enrollees with health insurance, conducts business under the delegation of the federal government and is a person acting under a federal officer for purposes of removal under the federal officer removal statute. In short, Plaintiff has sued HHP Texas for actions taken in the course of administering an MA Plan—specifically, actions taken in connection with ensuring that Plaintiff had timely access to medical care Medicare Advantage plan benefits. Accordingly, the Humana Defendants are entitled to remove this case to this Court.

## BASIS OF REMOVAL

### A.  Federal Officer Jurisdiction

10.      The Humana Defendants assert grounds for removal on the basis of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) which authorizes removal of an action against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1); *see Watson v. Philip Morris Cos.*, 551 U.S. 142, 153-54 (2007); *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975) (holding federal officer jurisdiction is proper where persons administering Medicare plan on behalf of federal government were sued, noting that "[t]he purpose of the removal statute is to prevent federal officers or persons acting under their direction from being tried in state courts for acts done within the scope of their federal employment.").

11.      This District expressly recognizes HHP Texas' ability to remove a case from state court to federal court on the basis of federal officer jurisdiction. In *General Surgical*

*Associates, P.A. v. Humana Health Plan of Texas, Inc.*,[2] Judge Robert Pitman held that HHP Texas established federal officer jurisdiction with respect to claims filed against it for alleged violations of the Texas Prompt Pay Act. For the reasons set forth below, jurisdiction is likewise established here.

12.     In order to remove a case based on federal officer jurisdiction, the removing party must establish the following three elements: (1) that it is a "person" within the meaning of the federal officer statute; (2) that it "acted pursuant to a federal officer's directions and that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims"; and (3) it must be able to assert a 'colorable federal defense.'" *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398, 400 (5th Cir. 1998).

13.     With respect to 28 U.S.C. § 1442(a)(1), a Defendant is deemed to be sued for actions under the direction of a federal agency and/or federal officers where it is administering the terms of a federal government contract or federal program under the direct and detailed supervision of a federal agency. *See, e.g., Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1234 (8th Cir. 2012) (holding removal authorized under the federal officer statute concluding "that FEHBA program carriers contracting with the federal government to provide health care insurance for federal employees are not unrelated and wholly separate business entities merely doing business in a highly regulated arena, but rather conduct business under the delegation of the federal government."); *Reg'l Med. Transp. Inc. v. Highmark*, 541 F. Supp. 2d 718, 724 (E.D. Pa. 2008 ("Numerous federal courts have determined that Medicare Part B carriers contracting with the United States

---

[2] SA-14-CA-31-OLG HJB, 2014 WL 12496771, (W.D. Tex. Apr. 21, 2014), *supplemented,* SA14CA31OLGHJB, 2014 WL 12496896 (W.D. Tex. Sept. 23, 2014), *report and recommendation approved sub nom. Gen. Surgical Associates v. Humana Health Plan of Texas, Inc.*, 5:14-CV-031-RP, 2015 WL 11661755 (W.D. Tex. Feb. 4, 2015), and *report and recommendation approved sub nom. Gen. Surgical Associates v. Humana Health Plan of Texas, Inc.*, 5:14-CV-031-RP, 2015 WL 11661755 (W.D. Tex. Feb. 4, 2015).

Department of Health and Human Services operate under the direction of a federal officer." (citing *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975))); *Gen. Surgical*, SA-14-CA-31-OLG HJB, 2014 WL 12496771, at *4 (recognizing that HHP Texas acted under the color of federal authority when administering Medicare Advantage plans on behalf of the federal government).

14.     Further, "Government contractors, such as Humana, may remove to federal court pursuant to § 1442 if 'the acts for which they are being sued ... occurred because of what they were asked to do by the Government,' even if the acts were not 'specifically contemplated by the government contract.'" *Gen. Surgical,* 2014 WL 12496771, at *5 (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)). As shown below, the alleged acts the Humana Defendants are being sued for, allegedly failing to provide timely access to medical care and Medicare Advantage health benefits, are specifically contemplated and addressed by the applicable federal regulations governing the Medicare Advantage program.

15.     HHP Texas has established each of the three foregoing elements as it is considered a person as contemplated by the federal officer statute and HHP Texas was acting within the scope of the authority delegated to it by CMS in connection with the administration of Plaintiff's MA Plan giving rise to Plaintiff's statutory and common law claims at issue in this case. Finally, the Humana Defendants also assert a colorable federal defense as Medicare Advantage's broad, express preemption provision preempts the HCLA and Plaintiff's common law negligence claim is preempted under conflict preemption principles.

### 1. HHP Texas is "Person" under the Federal Officer Statute.

16.     As expressly recognized by the Fifth Circuit in *Winters*, corporate entities

such as HHP Texas are "persons" for purposes of federal officer jurisdiction. *Winters*, 149 F.3d at 398 ("We have previously held that corporate entities qualify as 'persons' under § 1442(a)(1)."). Thus, the Humana Defendants satisfy the first of the three federal officer removal elements. The second and third elements are likewise satisfied as shown below.

### 2. HHP Texas Acted Pursuant to a Federal Agency's Directions and a Causal Nexus Exists between the Humana Defendants alleged actions under color of Federal Office and Plaintiff's Claims.

17.    In order to demonstrate that a government contractor was "acting under" a federal agency for purposes of federal officer removal statute, the Supreme Court requires more than strict compliance with federal regulatory laws to establish federal officer jurisdiction. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007) ("And it asks why, if close supervision is sufficient to turn a private contractor into a private firm 'acting under' a Government 'agency' or 'officer, does it not do the same when a company is subjected to intense regulation.  The answer to this question lies in the fact that the private contractor in such cases is helping the Government to produce an item that it needs. *The assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks.*"). (emphasis added). In this case, it cannot be disputed that by administering the Medicare Advantage program on behalf of CMS, the HHP Texas was helping the federal government fulfill an important government task. (Exhibits E-1 and E-2).

18.    Relying on the Supreme Court's holding in *Watson*, the Eight Circuit held that in order "[t]o satisfy the 'acted under' requirement of § 1442(a)(1), a private person's actions 'must involve an effort to *assist,* or to help *carry out,* the duties or tasks of the federal superior.'" *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (emphasis in original) (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142,

152 (2007)). The Eighth Circuit analyzed federal officer jurisdiction in the FEHBA[3] context, concluding that as a "private contractor, [like HHP Texas] is helping the government to produce an item that it needs—the basic governmental task of providing health benefits for its employees." *Jacks*, 701 F.3d at 1234. In addition, the Fifth Circuit expressly recognizes federal officer jurisdiction in instances where private persons and insurance carriers administer the Medicare program on the behalf of the federal government, noting that "[t]he federal officer removal statute is not 'narrow' or 'limited[]'", and concluding that "the defendants in the instant actions [including Medicare fiscal intermediary Blue Cross/Blue Shield of Texas] were persons acting within the purview of 1442(a)(1) and that the suits were properly removed." *Peterson*, 508 F.2d at 58.

19.    It cannot be disputed that the HHP Texas was administering a basic governmental task—providing healthcare benefits for Medicare beneficiaries—that absent the contract between the HHP Texas and CMS, the federal agency would be tasked to perform itself. Thus, by administering the Medicare Advantage program, HHP Texas assists CMS in carrying out its statutory obligations to provide Medicare benefits to beneficiaries of the federal program.

20.    This point was expressly recognized in *General Surgical* where the District Court held that HHP Texas acted under the color of federal authority for purposes of establishing jurisdiction in federal court in this Division of the Western District of Texas. Relying on the Fifth Circuit's *Peterson* holding, *General Surgical* noted that:

> [T]he Fifth Circuit held that an insurance carrier providing Medicare coverage was "indisputabl[y]" a person acting under an officer or agency of the United States, and that its "actions were 'under color of such office.'" *Gen. Surgical*, 2014 WL 12496771, at *4.

---

[3] The Federal Employees Health Benefits Act, 5 U.S.C. § 8901 *et seq.* (2000) ("FEHBA").

Here, just like in *General Surgical*, HHP Texas is indisputably a person acting under CMS and its actions at issue "were under color of such office." *Id.* Nothing more is required to establish this element of federal officer jurisdiction.

21.     Furthermore, "a causal nexus exists between [HHP Texas'] actions under color of federal office and the Plaintiff's claims" because Plaintiff's claims arise from HHP Texas' administration of her MA Plan. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998). In fact, Plaintiff's claim against the Humana Defendants is based on the alleged failure to "make sure that [Plaintiff] received the screening at her primary care doctor for colorectal cancer, follow-up colonoscopies every three to five years at the minimum, and referrals to a gastroenterologist for the colonoscopies— that the Humana records clearly indicated she needed." Plaintiff's Original Petition, p. 8 ¶ 22.

22.     As noted above, federal regulations and standards, not state law, govern HHP Texas' duties with respect to administering Plaintiff's MA Plan. Some of the relevant federal regulations require HHP Texas to ensure access to care and Medicare Advantage benefits for its Medicare Advantage enrollees, including Plaintiff. 42 C.F.R. § 422.112(a)(1)(i) (requiring an MA organization to maintain and monitor a network of providers that provide adequate access to benefits); 42 C.F.R. § 422.112(a)(3)(i) requiring an MA organization to provide or arrange for necessary specialty care); 42 C.F.R. § 422.112(a)(6) (requiring that an MA organization have written standards for timeliness of access to care and member services).

23.     As noted in *General Surgical*, a causal nexus exists if HHP Texas is being sued because of what the Government asked it to do. *Gen. Surgical*, 2014 WL 12496771, at *5 ("Government contractors, such as Humana, may remove to federal court pursuant to § 1442 if "the acts for which they are being sued ... occurred because of what they

were asked to do by the Government," even if the acts were not "specifically contemplated by the government contract. . . . Here, the basis of GSA's suit—the timely payment of claims—was specifically contemplated in the FEHBA contract and in MA regulations. Accordingly, even if Humana's allegedly late payment of the claims was not required, or even permitted by federal law, Humana was acting under color of federal authority for purposes of § 1442(a)(1).").

24.    Therefore, a causal nexus exists between HHP Texas' actions taken under the color of federal office and Plaintiff's claims which are based on HHP Texas' alleged failure to "make sure" she received health care which Plaintiff claims she did not, thereby sustaining injuries for which she seeks recovery under state statutory and common law. *E.g., Takacs v. Am. Eurocopter, L.L.C.*, 656 F. Supp. 2d 640, 645 (W.D. Tex. 2009) (holding a causal nexus exists when a party seeking removal under federal officer jurisdiction "demonstrate[s] that the acts for which they are being sued ... occurred *because of* what they were asked to do by the Government."). (emphasis in original).

### 3. The Humana Defendants have Colorable Federal Defenses to Plaintiff's HCLA and Common Law Claims – Federal Preemption.

25.    The third and final element the Humana Defendants must establish in order to remove this case under federal officer jurisdiction is that they have a "colorable federal defense". *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998). However, at this early stage of the case, the Humana Defendants are not required to prove their defense; instead, the Humana Defendants "need only articulate its 'colorable' applicability to the plaintiff's claims." *McGee v. Arkel Intern., LLC*, 716 F. Supp. 2d 572, 577-78 (S.D. Tex. 2009); *Winters*, 149 F.3d at 400 ("One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such defenses litigated in the federal courts.... *The officer need not win his case before he can have it removed.*"

(emphasis in original) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969))) *Gen. Surgical*, 2014 WL 12496771, at *5 ("To be 'colorable, the defense need not be 'clearly sustainable,' as the purpose of the statute is to ensure that the validity of the defense will be determined in federal court. Instead, the 'defense need only be plausible; its ultimate validity is not to be determined at the time of removal.'") (internal citation omitted).

26.     Here, the Humana Defendants assert their defense of express federal preemption to Plaintiff's claims relating to their alleged failure to ensure Plaintiff received timely and adequate medical care. In particular, the Medicare Advantage preemption provision states:

> **The standards established under this part shall supersede any State law or regulation** (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part. 42 U.S.C. § 1395w-26(b)(3) (2003) (emphasis added).

As noted above, the standards governing HHP Texas' duties with respect to the administration of the Medicare Advantage program and Plaintiff's MA Plan are found in Chapter 42 of the Code of Federal Regulations.

27.     The HCLA is clearly a law "with respect to MA plans" because the statute expressly applies to a "health insurance carrier [and] health maintenance organization" and imposes a statutory duty on such entities regarding health care treatment decisions made in connection with administration of health care plans. TEX. CIV. PRAC. & REM. CODE § 88.001(1) (defining which entities are subject are subject to the statute); TEX. CIV. PRAC. & REM. CODE §88.001(2) (defining the scope of the statute and imposing a state law duty of ordinary care on a health plan in connection with making health care treatment decisions).

27.    Thus, the HCLA is a law with respect to Plaintiff's MA Plan and is expressly preempted by Medicare Advantage's broad preemption provision. *See Gen. Surgical*, 2014 WL 12496771, at *6 (holding that HHP Texas' express preemption defense to a provider's prompt pay claim was a colorable federal defense for purposes of establishing federal officer jurisdiction); *see also General Surgical Associates, P.A. v. Humana Health Plan of Texas, Inc.* SA-14-CA-31-RP HJB, 2015 WL 1880276, at *1 (W.D. Tex. Mar. 17, 2015), *report and recommendation adopted sub nom. Gen. Surgical Assocs., P.A. v. Humana Health Plan of Texas, Inc.*, 5:14-CV-031-RP, 2015 WL 1880298 (W.D. Tex. Apr. 23, 2015) (granting summary judgment in favor of HHP Texas finding that the Texas Prompt Pay Act was expressly preempted by Medicare Advantage's broad preemption provision as a matter of law).

28.    The Humana Defendants would also show that the HCLA and Plaintiff's common law negligence claims are conflict preempted because Plaintiff's attempt to impose liability on the Humana Defendants based on HHP Texas' administration of the federally governed Medicare Advantage program "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *See Houston Methodist Hosp. v. Humana Ins. Co.*, CV H-16-1469, 2017 WL 3037416, at *3 (S.D. Tex. July 17, 2017) (explaining the different types of preemption and determining that the Texas Prompt Pay Act was expressly preempted by Medicare Advantage's express preemption provision); *Yarick v. PacifiCare of California*, 102 Cal. Rptr. 3d 379, 386 (Cal. Ct. App. 2009) (holding that a Plaintiff's state statutory and common law claims based on an MA organization's alleged failure to provide sufficient and timely care or to ensure that providers provided such adequate and timely care were both expressly and conflict preempted).

29.     As such, the Humana Defendants have far exceeded their low threshold burden of asserting a colorable federal defense to Plaintiff's claims because Medicare Advantage's broad, express preemption provision expressly preempts the HCLA codified in Chapter 88 of the Texas Civil Practice and Remedies Code. In addition, Plaintiff's common law negligence claims are subject to conflict preemption which serves as an additional colorable federal defense.

30.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1) because HHP Texas is being sued for actions delegated to it by CMS taken in connection with administering the federally regulated Medicare Advantage program.

WHEREFORE, PREMISES CONSIDERED, Defendants, Humana Inc., Humana Health Plan of Texas, Inc., and Humana Gold Plus, pray that any further proceedings in this case in the 166th Judicial District Court, Bexar County, Texas, be discontinued and that this suit be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
Trinity Plaza II
745 East Mulberry, Suite 450
San Antonio, Texas 78212
(210) 736-3900 - Telephone
(210) 736-1992 - Facsimile

By: */s/Richard G. Foster*
    Richard G. Foster
    State Bar No. 07295100
    Email: rfoster@prdg.com
    Raj Aujla
    State Bar No. 24064846
    Email: raujla@prdg.com

ATTORNEYS FOR DEFENDANTS HUMANA INC., HUMANA HEALTH PLAN OF TEXAS, INC. AND HUMANA GOLD PLUS

## CERTIFICATE OF CONSENT TO REMOVAL

Defendants, Robert Ross, M.D., Abel Miranda, P.A. and South Alamo Medical Group, through its attorney, Celeste P. Lira, CONSENTS to the Humana Defendants' removal of Plaintiffs' state court action in the 166th District Court of Bexar County, Texas Cause No. 2017CI11989, styled *Emma Fernandez v. Robert Ross, M.D., Abel Miranda, P.A. South Alamo Medical Group, Humana, Inc., Humana Health Plan of Texas, Inc. and Humana Gold Plus*, to the United States District Court for the Western District of Texas.

*/s/Celeste P. Lira*
Celeste P. Lira

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5(b), Federal Rules of Civil Procedure, on this 14th day of August, 2017.

***Via email jon@jpowell-law.com***
Jon Powell
THE POWELL LAW FIRM
1148 East Commerce Street
San Antonio, Texas

***Via email bsm@mittlerlaw.com***
Brant Mittler, M.D., J.D.
LAW OFFICE OF BRANT S. MITTLER
17503 La Cantera Pkwy, Ste. 104-610
San Antonio, Texas 78257

***Via email clira@brinandbrin.com***
Celeste Lira
***Via email kcwalsh@brinandbrin.com***
Katie Croft-Walsh
BRIN & BRIN
6223 IH 10 West
San Antonio, Texas 78201

*/s/Richard G. Foster*
Richard G. Foster