

null / ALL
**Transmittal Number: 16878003**
**Date Processed: 07/13/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Elizabeth Monohan<br>Humana Inc.<br>500 West Main Street<br>Louisville, KY 40202 |
| **Electronic copy provided to:** | Dora Menard<br>Eric Holdridge<br>Mary McGuire<br>Brian Bargender<br>Joyce King<br>Kara Vogelsang<br>Kara Wort<br>Glicelda Bradford<br>Lori Mattingly<br>Wendy Enfors<br>Donna Whitt |

| | |
|---|---|
| **Entity:** | Humana Health Plan of Texas, Inc.<br>Entity ID Number  1884034 |
| **Entity Served:** | Humana Health Plan of Texas Inc |
| **Title of Action:** | Emma Fernandez vs. Robert Ross, M.D. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI11989 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/13/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jon Powell<br>210-225-9300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C-1

PRIVATE PROCESS

Case Number: 2017-CI-11989

2017CI11989  S00006

**EMMA FERNANDEZ**
**VS.**
**ROBERT ROSS MD ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: HUMANA HEALTH PLAN OF TEXAS INC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION  was filed on the 29th day of June, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  6TH DAY OF JULY A.D., 2017.

JON POWELL
ATTORNEY FOR PLAINTIFF
1148 E COMMERCE ST
SAN ANTONIO, TX 78205



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Larry Botello*,  Deputy

---

| EMMA FERNANDEZ VS ROBERT ROSS MD ET AL | **Officer's Return** | Case Number: 2017-CI-11989 Court: 166th Judicial District Court |
|---|---|---|

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   on the  date  of  delivery  endorsed  on  it  to_____, in  person  on  the  _____  day of_____,   20_____    at    _____  o'clock  ___M.  at:_____   or   (   )   not   executed   because _____

Fees:_____  Badge/PPS #:_____  Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
6/29/2017 5:11 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:17-cv-00768-OLG   Document 1-5   Filed 08/14/17   Page 3 of 16   6 cltspps sac1

CAUSE NO. __2017CI11989__

| | | |
|---|---|---|
| EMMA FERNANDEZ, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ROBERT ROSS, M.D., | § | |
| ABEL MIRANDA, P.A., | § | |
| SOUTH ALAMO MEDICAL GROUP, | § | |
| HUMANA, INC., HUMANA HEALTH PLAN | § | |
| OF TEXAS, INC., AND HUMANA GOLD | § | |
| PLUS, | § | |
| | § | |
| DEFENDANTS. | § | 166 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Emma Fernandez ("Ms. Fernandez") complaining of and against

Defendants Robert Ross, M.D., Abel Miranda, P.A., South Alamo Medical Group, Humana, Inc.,

Humana Gold Plus, and Humana Health Plan of Texas, Inc. (collectively referred to herein as

"Defendants") and for causes of action would respectfully show the following:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under Level 3 of TEX. R. CIV. P. 190.

### II.

### SUMMARY OF THE PETITION

2.    This is a missed cancer case. The Plaintiff is asserting health care liability,

negligence, gross negligence, and/or violations of the Texas HMO Act causes of action against

the Defendants arising out of their failure to properly test for and diagnose colorectal cancer and

failure to provide the appropriate health care and treatment for colorectal cancer in the Plaintiff

which has proximately caused her to suffer a spread of the cancer to other vital organs, to incur a much more extensive course of chemotherapy, radiation and other cancer treatments that would otherwise have been the case, to suffer from physical pain and mental anguish, physical impairment and disfigurement, and to suffer from a poor prognosis due to the spread of the cancer in the body.

3.       Plaintiff seek herein as against all of the Defendants, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and future; punitive damages; costs of court; pre-judgment interest; and post-judgment interest. Pursuant to TEX. R. CIV. P. 47, the maximum amount claimed herein by Plaintiff as against all of the Defendants is twenty-million dollars ($20,000,000.00).

## III.

## PARTIES

4.       Plaintiff Emma Fernandez resides at 1092 West Pyron Ave., San Antonio, Texas 78221.

5.       Defendant Robert Ross, M.D. ("Dr. Ross") is an individual and Physician duly licensed to practice medicine in the State of Texas. Dr. Ross may be served with process at his business address of South Alamo Medical Group, Southside Clinic 301, 7355 Barlite Blvd., Suite 301, San Antonio, Texas 78224, or wherever else he may be found.

6.       Defendant Abel Miranda, P.A. ("P.A. Miranda") is an individual and Physician's Assistant duly licensed to assist in the practice medicine in the State of Texas. P.A. Miranda is under the supervision of Dr. Ross. P.A. Miranda may be served with process at his business

170629.Fernandez.POP                                          2

address of South Alamo Medical Group, Southside Clinic 301, 7355 Barlite Blvd., Suite 301, San Antonio, Texas 78224, or wherever else he may be found.

7.     Defendant South Alamo Medical Group ("SAMG") is a healthcare provider duly authorized to transact business in the State of Texas.  SAMG may be served with process by serving Dr. Ross or other officer, director or registered agent at the business address of South Alamo Medical Group, Southside Clinic 301, 7355 Barlite Blvd., Suite 301, San Antonio, Texas 78224, or wherever else such persons may be found.

8.     Defendant Humana, Inc. is a Delaware corporation duly authorized to transact business in the State of Texas.  Humana, Inc. may be served with process by serving its registered agent for service of process Humana, Inc., CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

9.     Defendant Humana Health Plan of Texas, Inc. is a Texas corporation duly authorized to transact business in the State of Texas.  Humana Health Plan of Texas, Inc. may be served with process by serving its registered agent Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701.

10.     Defendant Humana Gold Plus is an HMO duly authorized to transact business in the State of Texas.  Humana Gold Plus may be served with process by serving its registered agent Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, Texas 78701.

11.     Defendants Humana, Inc., Humana Health Plan of Texas, Inc., and Humana Gold Plus will be collectively referred to herein as "Humana."

## IV.

## VENUE AND JURISDICTION

12.     The subject matter in controversy is within the jurisdiction of this Honorable Court.   The amount in controversy, exclusive of interest and attorney's fees, exceeds the minimum jurisdictional limits of this Court.

13.     The Honorable Court has personal jurisdiction over the parties.  The causes of action set forth herein arose out of events or omissions that took place in Bexar County, Texas.

14.     Venue in Bexar County, Texas is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

15.     Venue in Bexar County, Texas is also proper in this cause under Section 15.005 of the Texas Civil Practice and Remedies Code for all of the Defendants because the Plaintiffs have established proper venue against one or more of the Defendants in Bexar County such that venue is proper for all of the Defendants in Bexar County due to the fact that all claims or actions asserted herein by Plaintiffs arise out of the same transaction, occurrence, or series of transactions or occurrences involving the Defendants.

## V.

## PRE-SUIT NOTICE OF CLAIM

16.     All of the Defendants have received proper pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 and other applicable laws.

## VI.

## PROFESSIONAL RELATIONSHIPS

17.     Ms. Fernandez has suffered from the injuries and damages set forth herein due to the negligent and/or grossly negligent conduct of the Defendants and due to the acts and/or omissions of the Defendants and their employees, agents, ostensible agents, and representatives. The Defendants made numerous misrepresentations to the Plaintiff, including specifically that they were competent and able to provide healthcare, testing and diagnoses to Plaintiff and Plaintiff relied on these misrepresentations to her detriment.

18.     During the time period at issue, from approximately March 31, 2009 through April 29, 2016 – but most especially through the critical period from June 23, 2015 through April 29, 2016 – Dr. Ross and P.A. Miranda were a Physician and Physician's Assistant duly licensed by the State of Texas to practice medicine and assist in the practice of medicine. They held themselves out and represented to the Plaintiff and to the public in general that they were competent and qualified. Dr. Ross and P.A. Miranda had a physician-patient and physician's assistant relationship, respectively, with Ms. Fernandez.

19.     During the time period at issue, from approximately March 31, 2009 through April 29, 2016 – but most especially through the critical period from June 23, 2015 through April 29, 2016 – SAMG was a professional association/medical doctor practice group which held themselves out and represented to the Plaintiff and to the public in general that they and their physicians and staff were competent and qualified to provide medical services. SAMG is directly liable for its own conduct and vicariously liable for the conduct of Dr. Ross and P.A. Miranda, as well as its affiliates, nurses, employees, agents, ostensible agents, and representatives.

20.     During the time period at issue, from approximately March 31, 2009 through April 29, 2016 – but most especially through the critical period from June 23, 2015 through April 29, 2016 – Humana was a health maintenance organization that represented to Plaintiff and to the public in general that Humana would provide adequate and appropriate medical care and that its in-network physicians and medical staff were competent and qualified.  Humana contracted with SAMG for them to provide health care and treatment to Humana enrollees of which Ms. Fernandez was one.  Humana had a non-delegable duty to monitor the care and the quality of care provided by SAMG, Dr. Ross and P.A. Miranda, who were collectively downstream contractors and subcontractors and authorized providers in the Humana system.  Humana is also vicariously liable for the conduct of SAMG, Dr. Ross and P.A. Miranda on the grounds of, among other things, employer-employee, actual agency, apparent agency, ostensible agency, and/or ratification.

## VII.

## STATEMENT OF FACTS

21.     This is a missed cancer case.  On March 31, 2009, Emma Fernandez had a colonoscopy which revealed two sessile polyps.  The presence of these sessile polyps indicated that Emma Fernandez was at a heightened risk for colorectal cancer.  The presence of these two sessile polyps required that Emma Fernandez receive screening at her primary care doctor for colorectal cancer, follow-up colonoscopies every three to five years at the minimum, and referrals to a gastroenterologist for the colonoscopies.  At all times relevant to the claims set forth herein, Emma Fernandez had as her primary care doctor – medical doctors at South Alamo Medical Group – and for the time period from June 23, 2015 through April 29, 2016 – her primary care doctor was Robert Ross, M.D. and she was seen by his Physician's Assistant, Abel

Miranda, P.A.  At all times relevant to the claims set forth herein, Emma Fernandez was a Humana HMO insured.  At all times between June 23, 2015 and April 29, 2016, the Defendants had the responsibility to make sure that Emma Fernandez was screened for colorectal cancer, that she was scheduled for a follow-up colonoscopy, and that there was a referral to a gastroenterologist for the conducting of the colonoscopy.  Emma Fernandez visited Abel Miranda, P.A. at the South Alamo Medical Group on 8/14/15, 11/17/15, 2/19/16, and 3/8/16 complaining of squirting, constipation and pain in the rectum. At all times between June 23, 2015 through April 29, 2016 – but especially when Emma Fernandez was physically at South Alamo Medical Group – Emma Fernandez should have been properly screened for colorectal cancer, she should have been scheduled for a follow-up colonoscopy, and she should have had a referral to a gastroenterologist for the conducting of the colonoscopy.  During the time period June 23, 2015 through April 1, 2016, the foregoing care was not provided to Emma Fernandez with the result that a rectal tumor was not timely diagnosed.  Had the rectal tumor been timely diagnosed – certainly between June 23, 2015 and August 14, 2015 – it could have been treated and the spread of the cancer could have been prevented.  Due to the missed diagnosis of colorectal cancer – and the time period of the delay in diagnosing colorectal cancer – it was not treated and it was allowed to get into her bloodstream and spread to other vital organs in the body.  On and after April 29, 2016, when the colorectal cancer was first diagnosed, Emma Fernandez has had to go through a course of treatment – including radiation, chemotherapy and drugs – much more severe than she would have had to undergo had the colorectal cancer been timely identified and now that the cancer has spread to other vital organs in the body her prognosis is very poor.  Had she been timely treated for her colorectal cancer – the treatment

regimen would have been less severe and the cancer would have been limited to her rectum which would have given her a better outcome and prognosis.

22.     Emma Fernandez was a member of Humana Gold Plus HMO.  Her Member ID was 842417518.  Her Group Number was W7424.  Her Humana Contact Phone Number was 210-222-0333.  Humana was negligent, grossly negligent and violated the Texas HMO Act by not making sure that Emma Fernandez received the screening at her primary care doctor for colorectal cancer, follow-up colonoscopies every three to five years at the minimum, and referrals to a gastroenterologist for the colonoscopies – that the Humana records clearly indicated she needed.  Emma Fernandez was also in a chronic disease management plan while an Humana insured – and despite the heightened scrutiny and care and review of medical records that is supposed to accompany such a disease management plan – Emma Fernandez missed out on the critical care that she needed as set forth herein.

23.     Plaintiff sent out her pre-suit notice of the claims set forth herein as required in TEX. CIV. PRAC. & REM. CODE § 74.051 on June 23, 2017.  Plaintiff therefore has preserved against any allegation of any two year statute of limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code all claims for negligence and gross negligence during the critical period from June 23, 2015 through April 1, 2016.

24.     Moreover, it was only possible for Plaintiff to discover the nature and extent and consequences of the malpractice after she received her diagnosis of colorectal cancer on or after April 29, 2016.  Plaintiff filed suit well within two years of this discovery.  Thus, to the extent necessary, Plaintiff will be relying on the discovery rule and on Article I, §13 of the Texas Constitution, the "Open Courts Provision," to bar any application of the 2-year statute of

limitations found in Chapter 74 of the Texas Civil Practice and Remedies Code to any acts of negligence or gross negligence that occurred prior to June 23, 2015.

25.     Finally, the Defendants engaged in a course of fraudulent concealment of their acts or omissions that constituted negligence, gross negligence, malpractice, breach of warranties and breach of contract, and on this basis the applicable statutes of limitations should be tolled and found to be not applicable to bar any of the claims of the Plaintiff herein.

26.     The acts and/or omissions set forth herein proximately caused Emma Fernandez to incur, among other things, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and in the future. The aforementioned damages are substantially in excess of the minimum jurisdictional limits for a district court in the State of Texas.

## VIII.

## CAUSE OF ACTION I

## NEGLIGENCE, PROFESSIONAL NEGLIGENCE,

## MEDICAL MALPRACTICE AND GROSS NEGLIGENCE

27.     Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

28.     The acts and/or omissions of the Defendants constitute negligence, professional negligence, medical malpractice, and gross negligence as those terms are utilized in Chapter 74 of the Texas Civil Practice and remedies Code, the Texas HMO Act found in Chapter 88 of the Texas Civil Practice & Remedies Code, and the common law of torts.

29.     Such negligence, professional negligence, medical malpractice and gross negligence was the proximate cause of the personal injuries and damages to the Plaintiff as set forth herein.

30.     The acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against the Defendants.

31.     Plaintiff seeks as against all of the Defendants herein, as a result of the Defendants' negligence, professional negligence, medical malpractice and gross negligence, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and in the future; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.

## IX.

## CAUSE OF ACTION II

## VIOLATIONS OF THE TEXAS HMO ACT

## BY HUMANA

32.     Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

33.     The acts and/or omissions of Humana have violated the Texas HMO Act found in Chapter 88 of the Texas Civil Practice & Remedies Code.

34.     Such violations of the Texas HMO Act were the proximate cause of the personal injuries, premature and untimely wrongful death and/or damages suffered by the Plaintiff herein.

35.    The acts and/or omissions of the Humana, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Humana.

36.    Plaintiff seeks as against Humana herein, as a result of Humana's violations of the Texas HMO Act, economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and in the future; punitive damages; costs of court; pre-judgment interest; and post-judgment interest.

## X.

## DAMAGES TO PLAINTIFF

37.    Plaintiff would show that as a direct and proximate result of the negligence, professional negligence, medical malpractice, gross negligence and/or violations of the Texas HMO Act of Defendants as set forth herein, Plaintiff has suffered injuries and incurred economic damages, non-economic damages, medical bills, physical pain and mental anguish, physical impairment, and disfigurement, all in the past and in the future, and as a result, Plaintiff seeks damages herein as against all Defendants that are substantially in excess of the minimum jurisdictional limits of this Honorable Court.

## XI.

### DEMAND FOR JURY TRIAL AND PAYMENT OF JURY FEE

38.     Plaintiff hereby demands that this case be tried to a jury.  Plaintiff will pay the jury fee at the time of the filing of this Plaintiff's Original Petition.

## XII.

### PRAYER FOR RELIEF

39.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof, Plaintiff will have judgment against these Defendants on the causes of action and for the damages as set forth herein in an amount in excess of the minimum jurisdictional limits of the Honorable Court.  Plaintiff prays for such other and further relief, at law and/or in equity, to which Plaintiffs show themselves to be justly entitled.

Respectfully submitted,

THE POWELL LAW FIRM

By:_____/s/_____
    Jon Powell
    Texas State Bar No. 00797260

1148 East Commerce Street
San Antonio, Texas 78205
Telephone: (210) 225-9300
Fax: (210) 225-9301

Brant Mittler, M.D., J.D.
Law Office of Brant S. Mittler
17503 La Cantera Pkwy, Ste. 104-610
San Antonio, TX  78257
Telephone: (210) 698-0061
Facsimile: (210) 698-0064
E-mail: bsm@mittlerlaw.com

ATTORNEYS FOR PLAINTIFFS

170629.Fernandez.POP

Robert Chaps
1314 Kildora Ct
San Antonio, Tx 78253

CERTIFIED MAIL®

7016 0340 0000 3447 3370




UNITED STATES
POSTAL SERVICE®

1000

78701

U.S. POSTAGE
PAID
SAN ANTONIO, TX
78205
JUL 11, 17
AMOUNT
**$7.50**
R2305K133218-07

Humana Health Plan of Texas Inc.

Corporation Service Company

211 E. 7th Street, Ste 620

Austin, Tx 78701